**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* LOGAN MOORE, LLC, and LOGAN MOORE, LLC,<br><br>Plaintiffs.<br><br>v.<br><br>SOUTHERN SPEAR IRONWORKS, LLC, PALOMAR CASUALTY AND SURETY COMPANY f/k/a THE GRAY CASUALTY & SURETY COMPANY, SHIMMICK CONSTRUCTION COMPANY, INC., FEDERAL INSURANCE COMPANY, HARTFORD FIRE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.<br><br>Defendants. | Case No. |

**COMPLAINT**

Plaintiffs, United States of America *ex rel.* Logan Moore, LLC and Logan Moore, LLC (collectively "Logan Moore" or "Plaintiffs"), file this Complaint against Defendants Southern Spear Ironworks, LLC ("SSI"), Palomar Casualty and Surety Company f/k/a The Gray Casualty & Surety Company, ("Palomar"), Shimmick Construction Company, Inc. ("Shimmick"), Federal Insurance Company ("Federal"), Hartford Fire Insurance Company ("Hartford"), Liberty Mutual Insurance Company ("Liberty"), Berkshire Hathaway Specialty Insurance Company ("Berkshire"), Zurich American Insurance Company ("Zurich") and National Union Fire

Insurance Company of Pittsburgh, PA ("National") (collectively "Defendants"), and state as follows:

**PARTIES**

1. Plaintiff Logan Moore, LLC is a Tennessee limited liability company with its principal place of business at 2914 Dodds Ave., Chattanooga, Tennessee 37407. Logan Moore may be contacted through undersigned counsel.

2. Defendant SSI is a Tennessee limited liability company. It can be served at 55 Workman Rd., Ste 200, Chattanooga, Tennessee 37410.

3. Upon information and belief, Palomar is an insurance company formed as a California corporation, with its principal place of business located at 1625 West Causeway Approach, Mandeville, LA 70471, that is doing business in Tennessee, and, pursuant to USCS Fed. Rules Civ. Pro. Rule 4(h)(1)(B) and Tenn. Code Ann. § 56-2-503, may be served with process through the Tennessee commissioner of commerce and insurance as Palomar's agent.

4. Palomar is doing business in Tennessee related to this dispute by issuing an insurance bond for a project located in the Eastern District of Tennessee.

5. Shimmick is a California corporation, authorized to conduct business in Tennessee, with its principal place of business located at 530 Technology Drive, Suite 300, Irvine, California 92618. It can be served through its registered agent, Corporation Service Company, at 2908 Poston Ave., Nashville, Tennessee, 37203.

6. Upon information and belief, Federal is an insurance company formed as an Indiana corporation, with its principal place of business located at 202B Halls Mill Road, Whitehouse Station NJ 08889, that is doing business in Tennessee, and, pursuant to USCS Fed. Rules Civ. Pro.

Rule 4(h)(1)(B) and Tenn. Code Ann. § 56-2-503, may be served with process through the Tennessee commissioner of commerce and insurance, as Federal's agent.

7. Federal is doing business in Tennessee related to this dispute by issuing an insurance bond for a project located in the Eastern District of Tennessee.

8. Upon information and belief, Hartford is an insurance company formed as a Connecticut corporation, with its principal place of business located at One Hartford Plaza, Hartford, CT 06155, that is doing business in Tennessee, and, pursuant to USCS Fed. Rules Civ. Pro. Rule 4(h)(1)(B) and Tenn. Code Ann. § 56-2-503, may be served with process through the Tennessee commissioner of commerce and insurance, as Hartford's agent.

9. Hartford is doing business in Tennessee related to this dispute by issuing an insurance bond for a project located in the Eastern District of Tennessee.

10. Upon information and belief, Liberty is an insurance company formed as a Massachusetts corporation, with its principal place of business located at 175 Berkley Street, Boston, MA 02116, that is doing business in Tennessee, and, pursuant to USCS Fed. Rules Civ. Pro. Rule 4(h)(1)(B) and Tenn. Code Ann. § 56-2-503, may be served with process through the Tennessee commissioner of commerce and insurance, as Liberty's agent.

11. Liberty is doing business in Tennessee related to this dispute by issuing an insurance bond for a project located in the Eastern District of Tennessee.

12. Upon information and belief, Berkshire is an insurance company formed as a Nebraska company, with its principal place of business located at 1314 Douglas Street, Suite 1400, Omaha, NE 68102, that is doing business in Tennessee, and, pursuant to USCS Fed. Rules Civ. Pro. Rule 4(h)(1)(B) and Tenn. Code Ann. § 56-2-503, may be served with process through the Tennessee commissioner of commerce and insurance, as Berkshire's agent.

13. Berkshire is doing business in Tennessee related to this dispute by issuing an insurance bond for a project located in the Eastern District of Tennessee.

14. Upon information and belief, Zurich is an insurance company formed as a New York corporation, with its principal place of business located at 1299 Zurich Way, 5th Floor, Schaumburg, IL 60196, that is doing business in Tennessee, and, pursuant to USCS Fed. Rules Civ. Pro. Rule 4(h)(1)(B) and Tenn. Code Ann. § 56-2-503, may be served with process through the Tennessee commissioner of commerce and insurance, as Zurich's agent.

15. Zurich is doing business in Tennessee related to this dispute by issuing an insurance bond for a project located in the Eastern District of Tennessee.

16. Upon information and belief, National is an insurance company formed as a Pennsylvania corporation, with its principal place of business located at 1271 Avenue of the Americas, Floor 37, New York, NY 10020, that is doing business in Tennessee, and, pursuant to USCS Fed. Rules Civ. Pro. Rule 4(h)(1)(B) and Tenn. Code Ann. § 56-2-503, may be served with process through the Tennessee commissioner of commerce and insurance, as National's agent.

17. National is doing business in Tennessee related to this dispute by issuing an insurance bond for a project located in the Eastern District of Tennessee.

## JURISDICTION AND VENUE

18. This Court has subject-matter jurisdiction over this action pursuant to the Miller Act, 40 U.S.C. § 3133(b), because Plaintiffs assert claims to recover on payment bonds furnished for a federal public works project.

19. This Court has supplemental jurisdiction over Plaintiffs' related state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims arise from the same nucleus of operative

facts as Plaintiffs' Miller Act claims, including Defendants' nonpayment for labor and materials Plaintiffs furnished for the Project.

20. Venue is proper in this judicial district pursuant to 40 U.S.C. §3133 (b)(3)(B) because Plaintiff seeks recovery from Federal, Hartford, Liberty, Berkshire, Zurich, and National ("Federal Sureties"), all of whom issued a payment bond to secure payment for work performed on the Project described below which is located in the Eastern District of Tennessee.

21. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims at issue took place in this judicial district.

## FACTS

22. Upon information and belief, the U.S. Army Corps of Engineers ("Corps") undertook to construct a replacement lock at the Chickamauga Dam located in Hamilton County, Tennessee (the "Project").

23. Upon information and belief, the Corps initially entered into a prime contract with AECOM Energy & Construction, Inc. ("AECOM") to perform the work on the Project.

24. On October 2, 2017, each of the Federal Sureties issued a payment bond to AECOM as principal, which are identified in the original payment bond dated October 2, 2017, and bearing OMB Control Number 9000-0045 (the "Federal Bond"). A copy of the Federal Bond is attached hereto as **Exhibit A**.

25. As a component of the Federal Bond, Federal issued bond #82459887 to AECOM, as principal.

26. As a component of the Federal Bond, Hartford issued bond #72BCSHS9526 to AECOM, as principal.

27. As a component of the Federal Bond, Liberty issued bond #024074824 to AECOM, as principal.

28. As a component of the Federal Bond, Berkshire issued bond #47-SUR-300044-01-0008 to AECOM, as principal.

29. As a component of the Federal Bond, Zurich issued bond #9233644 to AECOM, as principal.

30. As a component of the Federal Bond, National issued bond #862835 to AECOM, as principal.

31. On December 17, 2019, AECOM, the Sureties, and the Corps executed a consent of surety changing the Principal on the Bond from AECOM to Shimmick (the "Consent of Surety"). A copy of the Consent of Surety is attached hereto as **Exhibit B**.

32. Upon information and belief, Shimmick served as the prime contractor on the Project at least as of December 17, 2019.

33. Upon information and belief, on or about July 24, 2023, Shimmick, as prime contractor, and SSI, as first-tier subcontractor, entered a subcontract, bearing contract number 34693-05030 (the "First-Tier Subcontract"), in which SSI agreed to furnish labor and materials on the Project related to the "Chickamauga Lock Chamber Replacement Exteriors of Operation and Control Buildings".

34. On or about April 29, 2024, Palomar issued a payment and performance bond to SSI as principal bearing Bond Number GSA2401117 (the "Bond GSA2401117"). A copy of the Bond GSA2401117 is attached hereto as **Exhibit C**.

35. On or about November 15, 2023, SSI, as first-tier subcontractor, and Logan Moore, as second-tier subcontractor, enter into a subcontract, as amended by change orders, (collectively

the "Second Tier Subcontract") which is attached hereto as **Exhibit D**, in which Logan Moore agreed to furnish labor and materials on the Project related to the exterior and interior framework as further described in the Second-Tier Subcontract.

36. Pursuant to the Second-Tier Subcontract, Logan Moore completed substantial work on the Project.

37. Despite performing substantial work, Logan Moore has not been paid any amounts on the Second-Tier Subcontract since late 2025.

38. On or about April 29, 2026, Logan Moore sent a demand to SSI for payment under the Tennessee Prompt Pay Act, T.C.A. § 66-34-701 for payments of amounts due to it for work for which the last day it was completed was February 19, 2026 (the "April 29th Demand"), which is attached hereto as **Exhibit E**. The total amount claimed due through February 19, 2026 was $63,736.46 exclusive of retainage totaling $17,920.05.

39. On May 13, 2026, Logan Moore sent notice to Shimmick and the Corps pursuant to 40 U.S.C. § 3133(b)(2). A copy of the correspondence is attached hereto as **Exhibit F**.

40. In addition to the amounts requested in the April 29th Demand, Logan Moore also submitted a pay application on April 20, 2026 to SSI requesting payment for the work totaling $16,416 (the "April 20th Pay Application").

41. The last day on which work was performed as listed on the April 20th Pay Application was April 7, 2026.

42. The last day Logan Moore performed any work on the Property was April 7, 2026.

43. SSI failed to pay Logan Moore pursuant to the April 20th Pay Application.

44. On or about May 8, 2026, the Corps terminated Shimmick from the Project.

45. Shimmick instructed SSI to immediately cease all work on the Project pursuant to a letter dated May 11, 2026. A copy of the May 11, 2026 letter is attached hereto as **Exhibit G.**

46. On May 13, 2026, SSI instructed Logan Moore to cease all work on the Project (the "Stop-Work Order). A copy of the Stop-Work Order is attached hereto as **Exhibit H.**

47. Logan Moore satisfactorily performed all of the work it undertook until it stopped work on the Project pursuant to the Stop-Work Order.

48. For its work on the Project, Logan Moore remains owed $94,264.50, which includes retainage of $18,550.45 and does not include any applicable late charges, penalties, interest, or attorney's fees.

49. On June 2, 2026, Logan Moore sent an additional notice pursuant to the Tennessee Prompt Pay Act and notice of bond claim to SSI and Gray demanding payment of $94,263.50 (the "June 2nd Demand"). A copy of this correspondence is attached as **Exhibit I**.

50. Palomar a/k/a Gray acknowledged receipt of Logan Moore's bond claim and requested Logan Moore complete a proof of claim form, which Logan Moore submitted to Palomar on or about July 6, 2026 and Palomar acknowledged receipt of via letter dated July 13, 2026.

51. Palomar denied Logan Moore's bond claim by letter dated August 11, 2026.

52. On June 10, 2026, Logan Moore sent notice of the Federal bond claims to Shimmick and its bonders. A copy of this correspondence is attached as **Exhibit J.**

53. In response, Chubb acknowledged receipt of Logan Moore's bond claim and requested Logan Moore complete a proof of claim form, which Logan Moore submitted to Chubb on or about July 6, 2026 with supporting documentation. Chubb acknowledged receipt of the proof of claim and supporting documentation via email dated July 10, 2026.

54. Chubb has not formally responded to the claim of Logan Moore on the federal bonds.

## CAUSES OF ACTION

### Count I

***Miller Act Claim on Federal Bond (Federal Sureties)***

55. Plaintiffs incorporate by reference Paragraphs 1 through 54 as if fully set forth herein.

56. . Logan Moore, as a second tier subcontractor, with a direct contractual relationship with SSI, a first tier subcontractor, furnished labor and materials in execution of work provided for in a federal contract for which payment bonds were required.

57. Logan Moore satisfactorily performed all of the work it undertook until it stopped work on the Project pursuant to the Stop-Work Order.

58. For its work on the Project, Logan Moore remains owed $94,264.50 which does not include any applicable late charges, penalties, interest, or attorney's fees.

59. The Federal Sureties, as sureties on the Federal Bond and pursuant to the Miller Act, 40 U.S.C. § 3133, *et seq.*, are jointly and severally liable to Logan Moore for all amounts that Shimmick and SSI owe Logan Moore under the Second-Tier Subcontract.

60. Logan Moore has fully complied with all conditions precedent for recovery under the Miller Act because Logan Moore has (1) a direct contractual relationship with SSI, which is a direct subcontractor to Shimmick, the principal on the Bond, (2) provided Shimmick with written notice of the nonpayment within 90 days from the last day that Logan Moore furnished labor or material on the Project, and (3) commenced this lawsuit more than 90 days, but less than one year, from the last day that Logan Moore furnished labor or material on the Project.

61. Plaintiffs are entitled to recover on the Federal Bond furnished for the Project pursuant to 40 U.S.C. § 3133.

62. Plaintiffs seek judgment against the Federal Sureties, jointly and severally, for the sums justly due, together with interest, costs, and any other relief the Court deems just and proper.

**Count II**

***Claim on Bond GSA2401117 (Palomar)***

63. Plaintiffs incorporate by reference Paragraphs 1 through 62 as if fully set forth herein.

64. Palomar, as surety, issued Payment Bond No. GSA2401117 with SSI as principal in connection with SSI's work on the Project.

65. Logan Moore furnished labor and materials for the Project under the Second-Tier Subcontract with SSI.

66. Logan Moore satisfactorily performed all of the work it undertook pursuant to the Second-Tier Subcontract until it stopped work on the Project pursuant to the Stop-Work Order.

67. For its work on the Project, Logan Moore remains owed $94,264.50 which does not include any applicable late charges, penalties, interest, or attorney's fees.

68. Logan Moore has provided SSI and Palomar with notice of its claim under Payment Bond No. GSA2401117.

69. Palomar has failed and refused to pay Plaintiffs the amounts justly due under Payment Bond No. GSA2401117.

70. Logan Moore is entitled to judgment against Palomar for the sums justly due under Payment Bond No. GSA2401117 in an amount not less than $94,264.50, together with interest, costs, and such other relief as the Court deems just and proper.

## Count III

***Breach of Contract (SSI)***

71. Plaintiffs incorporate by reference Paragraphs 1 through 70 as if fully set forth herein.

72. SSI and Logan-Moore entered into a valid and enforceable Second-Tier Subcontract under which Logan-Moore agreed to furnish labor and materials for the Project and SSI agreed to pay Logan-Moore as required by the Second-Tier Subcontract.

73. Logan Moore timely and adequately performed its work and provided invoices to SSI for that work, but SSI has failed and refused to pay Logan Moore's invoices.

74. SSI's failure to pay Logan Moore is a material breach of the Second-Tier Subcontract, Logan Moore has incurred damages as set forth in the prayer for relief below.

75. As a direct and proximate result of SSI's breaches, Logan Moore suffered damages in an amount to be proven at trial, including at least $94,264.50, plus any recoverable interest, costs, and attorney's fees.

## Count IV

***Violation of the Tennessee Prompt Pay Act (SSI)***

76. Plaintiffs incorporate by reference Paragraphs 1 through 75 as if fully set forth herein.

77. Pursuant to the Tennessee Prompt Pay Act, Tenn. Code Ann. §§ 66-34-101 *et seq*, Logan Moore made written demands for payments to SSI via the April 29th Demand and the June 2nd Demand for payments due under the Second-Tier Subcontract

78. SSI has failed to make timely payments and has failed to provide adequate legal reasons for withholding payment as required by Tennessee law.

79. Accordingly, Logan Moore seeks all remedies available under the Prompt Pay Act, including court costs, attorney's fees, and interest.

**Count V**

***Unjust Enrichment/Quantum Meruit, in the alternative (Shimmick and SSI)***

80. In the alterative to or in addition to the counts above, Logan Moore asserts the following claim for unjust enrichment.

81. Logan Moore provided a benefit to Shimmick and SSI by providing labor and materials to the Chickamauga Dam Project for which, upon information and belief, Shimmick and SSI were paid the value of.

82. Upon information and belief, Shimmick and SSI have retained the benefit of Logan Moore's materials and labor by retaining monies for said materials and labor.

83. It would be inequitable for Shimmick and SSI to retain the benefits of Logan Moore's materials and labor without paying Logan Moore for the same.

84. Logan Moore is entitled to judgment against SSI and Shimmick for unjust enrichment/ quantum meruit in an amount not less than $94,264.50.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, and award the following relief:

A. For judgment against Defendants Federal Insurance Company, Hartford Fire Insurance Company, Liberty Mutual Insurance Company, Berkshire Hathaway Specialty Insurance Company, Zurich American Insurance Company, and National Union Fire Insurance Company of Pittsburgh, PA (the "Federal Sureties"), jointly and severally, pursuant to the Miller Act, 40 U.S.C. § 3133, for all sums justly due to Plaintiffs for labor and materials furnished on the Project, in an amount not less than $94,264.50;

B. For judgment against Defendant Palomar Casualty and Surety Company f/k/a The Gray Casualty & Surety Company ("Palomar") for all sums justly due to Plaintiffs under Payment Bond No. GSA2401117, in an amount not less than $94,264.50;

C. For judgment against Defendant Southern Spear Ironworks, LLC ("SSI") for breach of contract, in an amount not less than $94,264.50, together with all damages recoverable under the Second-Tier Subcontract, as proven at trial;

D. For judgment against SSI for all remedies available under the Tennessee Prompt Pay Act, Tenn. Code Ann. §§ 66-34-101 et seq., including, as applicable, interest, court costs, and attorney's fees;

E. In the alternative or in addition to the relief above, for judgment against SSI and Shimmick for unjust enrichment/quantum meruit in an amount not less than $94,264.50;

F. For an award of prejudgment interest and post-judgment interest as allowed by law;

G. For an award of Plaintiffs' taxable costs incurred herein; and

H. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.**

By: /s/ *Elizabeth M. Hill*

Elizabeth M. Hill, BPR #026371
537 Market Street, Suite 300
Chattanooga, TN 37402
Telephone: 423-756-7117
Email: EHill@pbsjlaw.com
*Attorney for Plaintiff*